1 Joshua B. Swigart (SBN 225557)
2 *josh@swigartlawgroup.com*
**SWIGART LAW GROUP, APC**
3 2221 Camino Del Rio S., Suite 308
San Diego, CA 92108
4 Tel: (866) 219-3343; Fax: (866) 219-8344
5
6 Ben Travis (SBN 305641)
*ben@bentravislaw.com*
7 **BEN TRAVIS LAW, APC**
4660 La Jolla Village Drive, Suite 100
8 San Diego, CA 92122
9 Phone: (619) 353-7966
10
*Additional counsel listed on signature page*
11
Attorneys for Plaintiff Andrew Rose
12 and the putative class
13
14 **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
15
16

| | |
|---|---|
| 17 ANDREW ROSE, an individual, on behalf of himself and all others 18 similarly situated, | Case No.: |
| 19 | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| 20 v. | **DEMAND FOR JURY TRIAL** |
| 21 | |
| 22 INTERNATIONAL BUSINESS MACHINES CORPORATION; and 23 JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., | |
| 24 | **<u>CLASS ACTION</u>** |
| 25 Defendants. | |
| 26 | |
| 27 | |

28

Plaintiff ANDREW ROSE ("Plaintiff"), by and through his attorneys, brings this class action on behalf of himself, and the Class, as defined below, against Defendants INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM") and JOHNSON & JOHNSON HEALTH CARE SYSTEMS INC. ("JANSSEN") (collectively "Defendants"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## INTRODUCTION

1. Plaintiff brings this Class Action because of Defendants' failures to properly secure and safeguard individuals' sensitive personal data.

2. Defendant JANSSEN provides business support services to large health care clients, as well as access to parent Johnson & Johnson's products. Its customers include managed care organizations, hospital groups, physician networks, pharmacies, and government customers. The company also provides e-business and supply management services for a number of fellow Johnson & Johnson subsidiaries.

3. JANSSEN utilizes a platform called JANSSEN CarePath, which is a patient support platform that offers savings options and other patient support resources.

4. Defendant IBM is a multinational technology company that provides infrastructure, software and consulting services for clients.

5. IBM is a service provider to Defendant JANSSEN and manages the application and the third-party database that supports Janssen CarePath.

6. Plaintiff and all other persons similarly situated had a right to keep their Personally Identifiable Information ("PII") maintained by Defendants confidential (the PII maintained by Defendants is collectively referred to as "Sensitive Information"). Plaintiff and other members of the Class relied on Defendants to keep their Sensitive Information confidential as required by the applicable laws.

7. Defendants violated this right. They failed to implement or follow reasonable data security procedures as required by law and failed to protect Plaintiff

and the proposed Class members' Sensitive Information from unauthorized access.

8. As a result of Defendants' inadequate data security and inadequate or negligent training of their employees, Plaintiff's and other proposed Class members' Sensitive Information, including confidential medical information, was accessed and taken by unauthorized third parties. ("Data Breach").

9. While Defendants learned of the breach on August 2, 2023, they waited till September 29, 2023 to notify Plaintiff and other Class members.

10. The Data Breach was a direct result of Defendants' failures to implement adequate and reasonable cybersecurity procedures and protocols necessary to protect Plaintiff's and other Class members' Sensitive Information.

11. Defendants disregarded the rights of Plaintiff and Class members by, among other things, recklessly or negligently failing to take adequate and reasonable measures to ensure their data systems were protected against unauthorized intrusions; failing to disclose that they did not have reasonable or adequately robust computer systems and security practices to safeguard Sensitive Information; failing to take standard and reasonably available steps to prevent the Data Breach; failing to monitor and timely detect the Data Breach; and failing to provide Plaintiff and Class members prompt and accurate notice of the Data Breach.

12. As a result of Defendants' failures to implement and follow reasonable security procedures, Class members' Sensitive Information is now exposed. Plaintiff and Class members have spent, and will continue to spend, significant amounts of time and money trying to protect themselves from the adverse ramifications of the Data Breach and dealing with actual fraud and will forever be at a heightened risk of identity theft and fraud.

13. Plaintiff, on behalf of himself and all others similarly situated, alleges claims for (1) violation of the California Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code § 56 *et seq.*); (2) negligence; (3) invasion of privacy; (4) breach of implied contract; (5) breach of fiduciary duty; (6) breach of confidence;

(7) violation of the California Unfair Competition Law (Cal. Business & Professions Code § 17200, *et seq.*); (8) violation of the California Customer Records Act ("CCRA") (Cal. Civ. Code § 1798.80, *et seq.*), and (9) violations of the California Consumer Privacy Act ("CCPA") (Cal. Civ. Code § 1798.150, *et seq.*). Plaintiff and the Class members seek damages, including but not limited to nominal damages from Defendants, and to compel Defendants to adopt reasonably sufficient security practices to safeguard Sensitive Information that remains in Defendants' custody to prevent incidents like the Data Breach from reoccurring in the future.

## JURISDICTION AND VENUE

14.    This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in California and are registered to do business in California.

15.    This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff and Defendants are diverse, there are over 100 Class members, and the amount in controversy exceeds $5 million.

16.    Venue is proper in this Court because a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

17.    Plaintiff is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of Ventura in the State of California.

18.    Defendant IBM is a New York corporation with its principal place of business also in New York.

19.    Defendant JANSSEN is a New Jersey corporation with its principal place of business also in New Jersey.

## FACTUAL ALLEGATIONS

### A. Background

20.    Defendant JANSSEN provides business support services to large health care clients, as well as access to parent Johnson & Johnson's products. Its

customers include managed care organizations, hospital groups, physician networks, pharmacies, and government customers. The company also provides e-business and supply management services for a number of fellow Johnson & Johnson subsidiaries.

21.    JANSSEN utilizes a platform called JANSSEN CarePath, which is a patient support platform that offers savings options and other patient support resources.

22.    Defendant IBM is a service provider to Defendant JANSSEN. IBM manages the application and the third-party database that supports Janssen CarePath.

23.    As part of their business, Defendants store a vast amount of Sensitive Information.  In doing so, Defendants were entrusted with, and obligated to safeguard and protect, the Sensitive Information of Plaintiff and the Class in accordance with all applicable laws.

**B. The Data Breach**

24.    On or around September 29, 2023, Defendants issued a Notice of Data Breach notifying consumers of an incident involving unauthorized access to personal information ("September 2023 Data Breach Notice"). The September 2023 Data Breach Notice informed the affected members that Defendants recently became aware of a technical method by which unauthorized access to the database could be obtained. Defendants allegedly undertook an investigation to assess whether there had been unauthorized access to the database. On August 2, 2023, they determined that there was unauthorized access to personal information in the database but were unable to determine the scope of the access.

25.    The September 2023 Data Breach Notice identified the following data points involved: name, contact information, health insurance information, and information about medications and associated conditions that were provided to the Janssen CarePath application.

26.    Defendants failed to put in place proper security protocols to protect against the unauthorized release of consumers' information and failed to properly train their employees on such protocols, resulting in the unauthorized release of private data.

As a result of Defendants' failures, Plaintiff and the Class members' Sensitive Information was accessed and viewed by unknown and unauthorized third parties and is available on the dark web. This means that the Data Breach was successful: unauthorized individuals accessed Plaintiff's and the Class members' unencrypted, unredacted information set forth above.

27. Plaintiff received the September 2023 Data Breach Notice from Defendant IBM on or about September 29, 2023, informing him of the Data Breach and that his Sensitive Information was present in the affected systems. The Data Breach notification indicated the following information may have been compromised: name, contact information, health insurance information, and information about medications and associated conditions that were provided to the Janssen CarePath application.

28. This kind of Sensitive Information is highly valued by criminals, as evidenced by the prices they will pay through the dark web. For example, personal information can be sold at a price ranging from $40 to $200.

**C. Plaintiff's Exposure**

29. Knowing that thieves stole his Sensitive Information and knowing that his Sensitive Information may now or in the future be available for sale on the dark web has caused Plaintiff great anxiety. He is now very concerned about fraud and identity theft.

30. Plaintiff suffered actual injury from having his Sensitive Information exposed as a result of the Data Breach including, but not limited to: (a) damages to and diminution in the value of his Sensitive Information—a form of intangible property that Plaintiff entrusted to Defendants; (b) loss of his privacy; (c) imminent and impending injury arising from the increased risk of fraud and identity theft; and (d) the time and expense of mitigation efforts as a result of the Data Breach.

31. As a result of the Data Breach, Plaintiff will continue to be at heightened risk for financial fraud, and identity theft, and the attendant damages, for years to come.

32. Defendants' failure to provide immediate formal notice of the Breach to

Plaintiff and Class members exacerbated the injuries resulting from the Breach.

**D. Defendants Knew or Should Have Known of the Risk Because Medical Providers are Particularly Susceptible to Cyber Attacks.**

33. The number of U.S. data breaches surpassed 1,000 in 2016—a record high and a 40 percent increase in the number of data breaches from the previous year.[1] In 2017, 1,579 breaches were reported—a new record high and a 44.7 percent increase in just one year.[2] That trend continues.

34. Medical information is especially valuable to identity thieves. Because of its value, the medical industry has experienced disproportionally higher numbers of data theft events than other industries. Defendants knew or should have known this and strengthened their data systems accordingly. Defendants were put on notice of the substantial and foreseeable risk of harm from a data breach, yet they failed to properly prepare for that risk.

35. Defendants knew and understood that unprotected or exposed Sensitive Information in the custody of medical providers, such as Defendants, is valuable and highly sought after by nefarious third parties seeking to illegally monetize that Sensitive Information through unauthorized access. Indeed, when compromised, highly confidential related data is among the most sensitive and personally consequential. Data breaches and identity theft have a crippling effect on individuals, and detrimentally impacts the economy as a whole.

36. Defendants knew, or should have known, the importance of safeguarding

---

[1] Identity Theft Resource Center, *Data Breaches Increase 40 Percent in 2016, Finds New Report from Identity Theft Resource Center and CyberScout* (Jan. 19, 2017), *available at:* https://www.prnewswire.com/news-releases/data-breaches-increase-40-percent-in-2016-finds-new-report-from-identity-theft-resource-center-and-cyberscout-300393208.html (last accessed October 17, 2023).

[2] Identity Theft Resource Center, *2017 Annual Data Breach Year-End Review, available at:* https://www.idtheftcenter.org/images/breach/2017Breaches/2017AnnualDataBreachYearEndReview.pdf (last accessed October 17, 2023).

Sensitive Information entrusted to them by Plaintiff and Class members, and of the foreseeable consequences if their data security systems were breached. This includes the significant costs imposed on Plaintiff and Class members as a result of a breach. Defendants failed, however, to take adequate cybersecurity measures to prevent the Data Breach.

**E.  Defendants Acquire, Collect, and Store Plaintiff's and Class Members' PII.**

37.  Defendants acquire, collect, and store a massive amount of consumers' protected confidential information and other personally identifiable data.

38.  As a condition of providing services, Defendants require consumers to entrust them with highly confidential Sensitive Information.

39.  By requiring, obtaining, collecting, using, and deriving a benefit from Plaintiff's and Class members' Sensitive Information, Defendants assumed legal and equitable duties, and knew or should have known they were responsible for protecting Plaintiff's and Class members' Sensitive Information from disclosure.

40.  Plaintiff and Class members have taken reasonable steps to maintain the confidentiality of their Sensitive Information. Plaintiff and Class members relied on Defendants to keep their Sensitive Information confidential and securely maintained, to use this information for business purposes only, to only allow authorized disclosures of this information, and prevent unauthorized disclosure of the information.

**F.  The Value of PII and the Effects of Unauthorized Disclosure.**

41.  Defendants were well aware of the highly private nature of the Sensitive Information they collect and its significant value to those who would use it for wrongful purposes.

42.  Sensitive Information is a valuable commodity to identity thieves. As the FTC recognizes, identity thieves can commit an array of crimes including identify theft, medical fraud, and financial fraud.[3] Indeed, a robust "cyber black market" exists in

---

[3] Federal Trade Commission, *Warning Signs of Identity Theft, available at:* https://www.consumer.ftc.gov/articles/0271-warning-signs-identity-theft  (last

which criminals openly post stolen PII on multiple underground Internet websites, commonly referred to as the dark web.

43.    The ramifications of Defendants' failure to keep Plaintiff's and Class members' Sensitive Information secure are long lasting and severe. Once Sensitive Information is stolen, fraudulent use of that information and damage to victims may continue for years.

44.    At all relevant times, Defendants knew, or reasonably should have known, of the importance of safeguarding Sensitive Information and of the foreseeable consequences if their data security systems were breached, including the significant costs that would be imposed on consumers as a result of a breach.

**G. Defendants Failed to Comply with FTC Guidelines.**

45.    The Federal Trade Commission ("FTC") promulgates numerous guides for businesses highlighting the importance of implementing reasonable data security practices. According to the FTC, the need for data security should be factored into all business decision-making.[4]

46.    In 2016, the FTC updated its publication, *Protecting Personal Information: A Guide for Business*, which established cybersecurity guidelines for businesses.[5] The guidelines note that businesses should protect the personal customer information they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.

47.    The FTC further recommends companies not maintain PII longer than is

accessed October 17, 2023).

[4] Federal Trade Commission, *Start With Security*, *available at:* https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf (last accessed October 17, 2023).

[5] Federal Trade Commission, *Protecting Personal Information: A Guide for Business*, available at https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf (last accessed October 17, 2023).

needed for authorization of a transaction; limit access to sensitive data; require complex passwords to be used on networks; use industry–tested methods for security; monitor for suspicious activity on the network; and verify third–party service providers have implemented reasonable security measures.[6]

48.     The FTC brings enforcement actions against businesses for failing to adequately and reasonably protect customer data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

49.     Defendants failed to properly implement basic data security practices. Defendants' failures to employ reasonable and appropriate measures to protect against unauthorized access to consumers' Sensitive Information constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

50.     Defendants were at all times fully aware of their obligations to protect Plaintiff's and Class members' Sensitive Information because of Defendant JANSSEN's position as a trusted and experienced medical provider and Defendant IBM's position as a trusted and experienced technology company. Defendants were also aware of the significant repercussions that would result from their failures to do so.

**H. Defendants Failed to Comply with Industry Standards.**

51.     Defendants failed to implement several basic cybersecurity safeguards that can be implemented to improve cyber resilience and require a relatively small financial investment yet can have a major impact on an organization's cybersecurity posture including: (a) the proper encryption of PII; (b) educating and training employees on how to protect PII; and (c) correcting the configuration of software and network

---

[6] FTC, *Start With Security*, *supra.*

devices.

52.    Private cybersecurity firms have also identified businesses as being particularly vulnerable to cyber-attacks, both because of the value of the PII they maintain and because employees have been slow to adapt and respond to cybersecurity threats.[7] These private cybersecurity firms have also promulgated similar best practices for bolstering cybersecurity and protecting against the unauthorized disclosure of PII.

53.    Despite the abundance and availability of information regarding the threats and cybersecurity best practices to defend against those threats, Defendants chose to ignore them. These best practices were known, or should have been known by Defendants, whose failure to heed and properly implement industry standards directly led to the Data Breach and the unlawful exposure of Sensitive Information.

## I.  **Defendants Failed to Comply with HIPAA.**

54.    Under the Health Insurance Portability Act of 1996 ("HIPAA") Defendants had a heightened duty to protect patient Private Information.

55.    Defendants failed to comply with HIPAA by not:

a.  Ensuring the confidentiality and integrity of electronic protected health information ("PHI") they created, received, maintained, and/or transmitted, in violation of 45 C.F.R. § 164.306(a)(1);

b.  Implementing technical policies and procedures for electronic information systems that maintain electronic PHI to allow access only to those persons or software programs that have been granted access rights in violation of 45 C.F.R. § 164.312(a)(1);

c.  Implementing policies and procedures to prevent, detect, contain, and correct security violations in violation of 45 C.F.R. § 164.308(a)(1)(i);

d.  Implementing procedures to review records of information system activity

---

[7] Stickman Cyber, *Why Cybersecurity In The Workplace Is Everyone's Responsibility, available at:* https://www.stickmancyber.com/cybersecurity-blog/why-cybersecurity-in-the-workplace-is-everyones-responsibility (last accessed October 17, 2023).

regularly, such as audit logs, access reports, and security incident tracking reports in violation of 45 C.F.R. § 164.308(a)(1)(ii)(D);

e. Protecting against reasonably anticipated threats or hazards to the security or integrity of electronic PHI in violation of 45 C.F.R. § 164.306(a)(2);

f. Protecting against reasonably anticipated uses or disclosures of electronic PHI that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45 C.F.R. § 164.306(a)(3);

g. Ensuring compliance with HIPAA security standard rules by their workforces in violation of 45 C.F.R. § 164.306(a)(4); and/or

h. Training all members of their workforces effectively on the policies and procedures regarding PHI as necessary and appropriate for the members of their workforces to carry out their functions and to maintain security of PHI, in violation of 45 C.F.R. § 164.530(b).

**J. Plaintiff and Class Members Suffered Damages.**

56. The ramifications of Defendants' failures to keep Plaintiff's and Class members' Sensitive Information secure are long lasting and severe. Once that kind of Sensitive Information is stolen, fraudulent use of that information and damage to victims may continue for years. Consumer victims of data breaches are more likely to become victims of identity fraud.

57. The Sensitive Information belonging to Plaintiff and Class members is private, sensitive in nature, and left inadequately protected by Defendants—who did not obtain Plaintiff's or Class members' consent to disclose such Sensitive Information to any other person as required by applicable law and industry standards.

58. The Data Breach was a direct and proximate result of Defendants' failures to: (a) properly safeguard and protect Plaintiff's and Class members' Sensitive Information from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and common law; (b) establish and implement appropriate administrative, technical, and physical safeguards to ensure the

security and confidentiality of Plaintiff's and Class members' Sensitive Information; and (c) protect against reasonably foreseeable threats to the security or integrity of such information.

59.    Defendants had the resources necessary to prevent the Data Breach, but neglected to adequately implement data security measures, despite their obligations to protect member data.

60.    Defendants could have prevented the intrusions into their systems and, ultimately, the theft of Sensitive Information if Defendants had remedied the deficiencies in their data security systems and adopted security measures recommended by experts in the field.

61.    As a direct and proximate result of Defendants' wrongful actions and inactions, Plaintiff and Class members are now in imminent, immediate, and continuing increased risk of harm from identity theft and fraud, requiring them to dedicate time and resources which they otherwise would have dedicated to other life demands, such as work and family, to mitigate the actual and potential impact of the Data Breach on their lives.

62.    The U.S. Department of Justice's Bureau of Justice Statistics found that "among victims who had personal information used for fraudulent purposes, 29% spent a month or more resolving problems," and that "resolving the problems caused by identity theft may take more than a year for some victims."[8]

63.    As a direct result of the Defendants' failures to prevent the Data Breach, Plaintiff and Class members have suffered, will suffer, and are at increased risk of suffering:

      a.  The compromise, publication, theft and/or unauthorized use of their Sensitive Information;

---

[8] U.S. Department of Justice, Office of Justice Programs Bureau of Justice Statistics, *Victims of Identity Theft, 2012*, December 2013, *available at*: https://www.bjs.gov/content/pub/pdf/vit12.pdf (last accessed October 17, 2023).

b. Out–of–pocket costs associated with the prevention, detection, recovery, and remediation from identity theft or fraud;

c. Lost opportunity costs and lost wages associated with efforts expended and loss of productivity from addressing and attempting to mitigate actual and future consequences of the Data Breach, including but not limited to researching how to prevent, detect, contest, and recover from identity theft and fraud;

d. The continued risk to their Sensitive Information, which remains in the possession of Defendants and is subject to further breaches so long as Defendants fail to undertake appropriate measures to protect the Sensitive Information in their possession; and

e. Current and future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, remediate, and repair the impact of the Data Breach for the remainder of the lives of Plaintiff and Class members.

64. In addition to a remedy for the economic harm, Plaintiff and Class members maintain an undeniable interest in ensuring their Sensitive Information is secure, remains secure, and is not subject to further misappropriation and theft.

### K. Defendants' Delay in Identifying & Reporting the Breach Caused Additional Harm.

65. It is axiomatic that:

The quicker a financial institution, credit card issuer, wireless carrier or other service provider is notified that fraud has occurred on an account, the sooner these organizations can act to limit the damage. Early notification can also help limit the liability of a victim in some cases, as well as allow more time for law enforcement to catch the fraudsters in the act.[9]

---

[9] *Identity Fraud Hits Record High with 15.4 Million U.S. Victims in 2016, Up 16*

66. Indeed, once a data breach has occurred:

[o]ne thing that does matter is hearing about a data breach quickly. That alerts consumers to keep a tight watch on credit card bills, insurance invoices, and suspicious emails. It can prompt them to change passwords and freeze credit reports. And notifying officials can help them catch cybercriminals and warn other businesses of emerging dangers. If consumers don't know about a breach because it wasn't reported, they can't take action to protect themselves (internal citations omitted).[10]

67. Although their Sensitive Information was improperly exposed on or before August 2, 2023, Plaintiff and Class members were not notified of the Data Breach until on or about September 29, 2023, depriving Plaintiff and Class members of the ability to promptly mitigate potential adverse consequences resulting from the Data Breach.

68. As a result of Defendants' delay in detecting and notifying consumers of the Data Breach, there is an increased risk of fraud for Plaintiff and Class members.

## CLASS ACTION ALLEGATIONS

69. Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class and Subclass:

All individuals whose Sensitive Information stored or possessed by Defendants was subject to the Data Breach (the "Class").

---

*Percent According to New Javelin Strategy & Research Study*, Business Wire, *available at:* https://www.businesswire.com/news/home/20170201005166/en/Identity-Fraud-Hits-Record-High-15.4-Million (last accessed October 17, 2023).

[10] Consumer Reports, *The Data Breach Next Door: Security breaches don't just hit giants like Equifax and Marriott. Breaches at small companies put consumers at risk, too*, January 31, 2019, *available at:* https://www.consumerreports.org/data-theft/the-data-breach-next-door/ (last accessed October 17, 2023).

All California residents whose Sensitive Information stored or possessed by Defendants was subject to the Data Breach (the "California Subclass").

70. Excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, and any Judge assigned to this case and their immediate families.

71. Plaintiff reserves the right to amend or modify the definition of the Class and Subclass to provide greater specificity and/or further division into subclasses or limitation to particular issues.

72. **Numerosity- Fed. R. Civ. P. 23(a)(1):** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are thousands of class members in the Class. The identities of the Class Members are ascertainable and can be determined based on records maintained by Defendants.

73. **Predominance of Common Questions- Fed R. Civ. P. 23(a)(2), 23(b)(3):** There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual class members. The questions of fact and law that are common to the Class members and predominate over questions that may affect individual Class members, include:

a) Whether Plaintiff's and the Class members' Sensitive Information was accessed and/or viewed by one or more unauthorized persons in the Data Breach alleged above;

b) When and how Defendants should have learned and actually learned of the Data Breach;

c) Whether Defendants' response to the Data Breach was adequate;

d) Whether Defendants owed a duty to the Class to exercise due care in

collecting, storing, safeguarding and/or obtaining their Sensitive Information;

e) Whether Defendants breached that duty;

f) Whether Defendants implemented and maintained reasonable security procedures and practices appropriate to the nature of storing Plaintiff's and Class members' Sensitive Information;

g) Whether Defendants acted negligently in connection with the monitoring and/or protecting of Plaintiff's and Class members' Sensitive Information;

h) Whether Defendants knew or should have known that they did not employ reasonable measures to keep Plaintiff's and Class members' Sensitive Information secure and prevent loss or misuse of that Sensitive Information;

i) Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

j) Whether Defendants caused Plaintiff and Class members damages;

k) Whether Defendants violated the law by failing to promptly notify Class members that their Sensitive Information was compromised;

l) Whether Plaintiff and Class members are entitled to actual damages, nominal and/or statutory damages, credit monitoring, other monetary relief, and/or equitable relief;

m) Whether Defendants violated the California Unfair Competition Law (Business & Professions Code § 17200, et seq.);

n) Whether Defendants violated the California Customer Records Act (Cal. Civ. Code § 1798.80, et seq.:

o) Whether Defendants violated the California Consumer Privacy Act ("CCPA") (Cal. Civ. Code § 1798.100, et seq.).

74. **Typicality- Fed. R. Civ. P. 23(a)(3):** Plaintiff's claims are typical of those of other Class members because all had their Sensitive Information compromised

because of the Data Breach, due to Defendants' virtually identical conduct.

75. **Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1):** Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff is represented by experienced and competent Class Counsel. Class Counsel have litigated numerous class actions. Class counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiff and Class Counsel can fairly and adequately protect the interests of all of the members of the Class.

76. **Superiority—Fed. R. Civ. P. 23(b)(3):** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## First Cause of Action

### Violation of California's Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code § 56, et seq.)
### [On Behalf of Plaintiff and the California Subclass Against all Defendants]

77. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

78. Defendants are "provider[s] of healthcare," as defined in Cal. Civ. Code § 56.06 and/or a "contractor," and are therefore subject to the requirements of the CMIA, Cal. Civ. Code §§ 56.10(a), (d) and (e), 56.36(b), 56.101(a) and (b).

79. Plaintiff and the Class are "patients," as defined in the CMIA, Cal. Civ.

Code § 56.05(l) ("'Patient' means a natural person, whether or not still living, who received health care services from a provider of healthcare and to whom medical information pertains.").

80.   Defendants disclosed "medical information," as defined in the CMIA, Cal. Civ. Code § 56.05(i), to unauthorized persons without first obtaining consent, in violation of Cal. Civ. Code § 56.10(a). The disclosure of information to unauthorized individuals in the Data Breach resulted from the inactions of Defendants, including their failure to adequately implement sufficient data security measures and protocols to protect Plaintiff's and Class members' personal and medical information, which allowed unauthorized individuals to obtain Plaintiff's and the Class members' medical information.

81.   Defendants' negligence resulted in the release of individually identifiable medical information pertaining to Plaintiff and the Class to unauthorized persons and the breach of the confidentiality of that information. Defendants' negligent failure to maintain, preserve, store, abandon, destroy, and/or dispose of Plaintiff's and Class members' medical information in a manner that preserved the confidentiality of the information contained therein, was in violation of Cal. Civ. Code §§ 56.06 and 56.101(a).

82.   Defendants' systems and protocols did not protect and preserve the integrity of electronic medical information in violation of Cal. Civ. Code § 56.101(b)(1)(A).

83.   Plaintiff and the Class were injured and have suffered damages, as described above, from Defendants' illegal disclosure and negligent release of their medical information in violation of Cal. Civ. Code §§ 56.10 and 56.101, and therefore seek relief under Civ. Code §§ 56.35 and 56.36, including actual damages, nominal statutory damages of $1,000, punitive damages of $3,000, injunctive relief, and attorneys' fees, expenses and costs.

**<u>Second Cause of Action</u>**

**Negligence**

**[On Behalf of Plaintiff and the Class Against all Defendants]**

84.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

85.     Defendants' own negligent conduct created a foreseeable risk of harm to Plaintiff and Class members. Defendants' negligence included, but was not limited to, their failures to take the steps and opportunities to prevent the Data Breach as set forth herein. Defendants' negligence also included their decision not to comply with (1) industry standards, and/or best practices for the safekeeping and encrypted authorized disclosure of the Sensitive Information of Plaintiff and Class members; or (2) Section 5 of the FTC Act.

86.     Defendants had a duty to exercise reasonable care in safeguarding, securing and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties. This duty includes, among other things, designing, maintaining and testing their security protocols to ensure Sensitive Information in Defendants' possession was adequately secured and protected, and that employees tasked with maintaining such information were adequately trained on relevant cybersecurity measures. Defendants also had a duty to put proper procedures in place to prevent the unauthorized dissemination of Plaintiff's and Class members' Sensitive Information.

87.     Defendants' duty to use reasonable security measures under HIPAA required Defendants to "reasonably protect" confidential data from "any intentional or unintentional use or disclosure" and to "have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information." 45 C.F.R. § 164.530(c)(1). Some or all of the medical information at issue in this case constitutes "protected health information" within the meaning of

HIPAA.

88.    Plaintiff and the Class members entrusted their Sensitive Information to Defendants with the understanding that Defendants would safeguard their information.

89.    Defendants were in a position to protect against the harm suffered by Plaintiff and Class members as a result of the Data Breach. However, Plaintiff and Class members had no ability to protect their Sensitive Information in Defendants' possession.

90.    Defendants had full knowledge of the sensitivity of the Sensitive Information, and the types of harm Plaintiff and Class members could, would, and will suffer if the Sensitive Information were wrongfully disclosed.

91.    Plaintiff and Class members were the foreseeable and probable victims of Defendants' negligent and inadequate security practices and procedures that led to the Data Breach. Defendants knew or should have known of the inherent risks in collecting and storing the highly valuable Sensitive Information of Plaintiff and Class members, the critical importance of providing adequate security of that Sensitive Information, the current cyber security risks being perpetrated, and that Defendants had inadequate employee training, monitoring and education and IT security protocols in place to secure the Sensitive Information of Plaintiff and Class members.

92.    Defendants negligently, through their actions and/or omissions, and unlawfully breached their duty to Plaintiff and Class members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class members' Sensitive Information while the data was within Defendants' possession and/or control by failing to comply with and/or deviating from standard industry rules, regulations, and practices at the time of the Data Breach.

93.    The harm the Data Breach caused is the type of harm privacy laws were intended to guard against. And Plaintiff and Class members are within the class of persons privacy laws were intended to protect.

94.    Defendants negligently failed to comply with privacy laws by failing to protect against and prevent the dissemination of Plaintiff's and Class members' Sensitive Information to unauthorized third parties.

95.    Defendants' violations of Section 5 of the FTC Act also constitute negligence. Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect Sensitive Information. The FTC publications and orders described above also form part of the basis of Defendants' duty in this regard.

96.    Defendants violated Section 5 of the FTC Act by failing to use reasonable measures to protect Plaintiff's and Class members' Sensitive Information and not complying with applicable industry standards, as described in detail herein. Defendants' conduct was particularly unreasonable given the nature and amount of Sensitive Information they required, obtained, and stored, and the foreseeable consequences of a data breach including, specifically, the damages that would result to Plaintiff and Class members.

97.    Plaintiff and Class members are within the class of persons the FTC Act was intended to protect.

98.    The harm the Data Breach caused, and continues to cause, is the type of harm the FTC Act was intended to guard against. The FTC pursues enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and Class members.

99.    Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff and Class members by failing to have appropriate procedures in place to detect and prevent unauthorized dissemination of Plaintiff's and Class members' Sensitive Information.

100.    Defendants, through their actions and/or omissions, unlawfully breached

their duty to adequately disclose to Plaintiff and Class members the existence and scope of the Data Breach.

101. But for Defendants' wrongful and negligent breach of duties owed to Plaintiff and Class members, Plaintiff's and Class members' Sensitive Information would not have been compromised.

102. There is a temporal and close causal connection between Defendants' failure to implement security measures to protect the Sensitive Information and the harm suffered, and/or risk of imminent harm suffered, by Plaintiff and Class members.

103. As a direct and proximate result of Defendants' negligence, Plaintiff and Class members have suffered, and continue to suffer, injuries and damages arising from the Data Breach, including, but not limited to: damages from lost time and efforts to mitigate the actual and potential impact of the Data Breach on their lives, including, *inter alia*, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and various accounts for unauthorized activity, filing police reports, and damages from identity theft, which may take months—if not years—to discover, detect, and remedy.

104. Additionally, as a direct and proximate result of Defendants' negligence, Plaintiff and Class members have suffered, and will continue to suffer, the continued risks of exposure of their Sensitive Information, which remains in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Sensitive Information in their continued possession.

## Third Cause of Action

### Invasion of Privacy

### [On Behalf of Plaintiff and the Class Against all Defendants]

105.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

106.  Plaintiff and Class members had a legitimate expectation of privacy with respect to their Sensitive Information and were accordingly entitled to the protection of this information against disclosure to unauthorized third parties.

107.  Defendants owed a duty to their members, including Plaintiff and Class members, to keep their Sensitive Information confidential.

108.  The unauthorized release of Sensitive Information, especially medical information, is highly offensive to a reasonable person.

109.  The intrusion was into a place or thing, which was private and is entitled to be private. Plaintiff and Class members disclosed their Sensitive Information to Defendants, but privately, with the intention that the Sensitive Information would be kept confidential and protected from unauthorized disclosure. Plaintiff and Class members were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

110.  The Data Breach constitutes an intentional interference with Plaintiff's and Class members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

111.  Defendants acted with a knowing state of mind when they permitted the Data Breach because they knew that their information security practices were inadequate.

112. Acting with knowledge, Defendants had notice and knew that their inadequate cybersecurity practices would cause injury to Plaintiff and Class members.

113. As a proximate result of Defendants' acts and omissions, Plaintiff and Class members' Sensitive Information was disclosed to, and used by, third parties without authorization, causing Plaintiff and Class members to suffer damages.

114. Unless and until enjoined and restrained by order of this Court, Defendants' wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class members in that the Sensitive Information maintained by Defendants may be breached again—leading to further viewing, distributing, and use of updated and additional Sensitive Information by unauthorized persons.

115. Plaintiff and Class members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the invasion of privacy for Plaintiff and Class members.

**Fourth Cause of Action**

**Breach of Implied Contract**

**[On Behalf of Plaintiff and the Class Against all Defendants]**

116. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

117. Defendants solicited and invited Class members to provide their Sensitive Information as part of Defendants' regular business practices. Plaintiff and Class members provided their Sensitive Information to Defendants.

118. In so doing, Plaintiff and Class members entered into implied contracts with Defendants pursuant to which Defendants agreed to safeguard and protect such information and to timely detect any breaches of their Sensitive Information. In entering into such implied contracts, Plaintiff and Class members reasonably believed

and expected that Defendants' data security practices complied with relevant laws and regulations, including HIPAA, and were consistent with industry standards.

119. Implicit in the agreement between Plaintiff and Class members on the one hand, and the Defendants on the other, regarding providing protected Sensitive Information, was Defendants' obligation to: (a) use such Sensitive Information for business purposes only; (b) take reasonable steps to safeguard that Sensitive Information; (c) prevent unauthorized disclosures of the Sensitive Information; (d) provide Plaintiff and Class members with prompt and sufficient notice of any and all unauthorized access and/or theft of their Sensitive Information; (e) reasonably safeguard and protect the Sensitive Information of Plaintiff and Class members from unauthorized disclosure or uses; and (f) retain the Sensitive Information only under conditions that kept such information secure and confidential.

120. Without such implied contracts, Plaintiff and Class members would not have provided their Sensitive Information to Defendants.

121. Plaintiff and Class members fully performed their obligations under the implied contract with Defendants. However, Defendants did not.

122. Defendants breached the implied contracts with Plaintiff and Class members by failing to:

    a. Reasonably safeguard and protect Plaintiff's and Class members' Sensitive Information, which was compromised as a result of the Data Breach; and

    b. Identify and respond to suspected or known security incidents.

123. As a direct and proximate result of Defendants' breach of the implied contracts, Plaintiff and Class members have suffered, and continue to suffer, injuries and damages arising from the Data Breach including, but not limited to: damages from lost time and effort to mitigate the actual and potential impact of the Data Breach on their lives, including, *inter alia*, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying

financial accounts, closely reviewing and monitoring their credit reports and various accounts for unauthorized activity, filing police reports, and damages from identity theft, which may take months if not years to discover, detect, and remedy.

## Fifth Cause of Action

### Breach of Fiduciary Duty

### [On Behalf of Plaintiff and the Class Against all Defendants]

124.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

125.  In light of their special relationship, Defendants became the guardian of Plaintiff's and Class members' Sensitive Information. Defendants became a fiduciary, created by their undertaking and guardianship of Plaintiff's and Class members' Sensitive Information, to act primarily for the benefit of Plaintiff and Class members. This duty included the obligation to safeguard Plaintiff's and Class members' Sensitive Information, and to timely notify them in the event of a data breach.

126.  Defendants have a fiduciary duty to act for the benefit of Plaintiff and Class members upon matters within the scope of their relationship. Defendants breached their fiduciary duties owed to Plaintiff and Class members by failing to:

    a.  Properly encrypt and otherwise protect the integrity of the system containing Plaintiff's and Class members' protected confidential information and other Sensitive Information;

    b.  Timely notify and/or warn Plaintiff and Class members of the Data Breach; and

    c.  Otherwise failing to safeguard Plaintiff's and Class members' Sensitive Information.

127.  As a direct and proximate result of Defendants' breaches of their fiduciary duties, Plaintiff and Class members have suffered, and will suffer, injury,

including but not limited to: (a) actual identity theft; (b) the loss of the opportunity to control how their Sensitive Information is used; (c) the compromise, publication, and/or theft of their Sensitive Information; (d) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft and/or unauthorized use of their Sensitive Information; (e) lost opportunity costs associated with the effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from identity theft; (f) the continued risk to their Sensitive Information, which remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Sensitive Information in continued possession; and (g) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Sensitive Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class members.

128.  As a direct and proximate result of Defendants' breach of their fiduciary duties, Plaintiff and Class members have suffered, and will continue to suffer, other forms of injury and/or harm, and other economic and non–economic losses.

## Sixth Cause of Action

### Breach of Confidence

### [On Behalf of Plaintiff and the Class Against all Defendants]

129.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

130.  At all times during Plaintiff's and Class members' interactions with Defendants, Defendants were fully aware of the confidential and sensitive nature of Plaintiff's and Class members' Sensitive Information that Plaintiff and Class members provided to Defendants.

131.  As alleged herein and above, Defendants' relationship with Plaintiff and Class members was governed by terms and expectations that Plaintiff's and Class members' Sensitive Information would be collected, stored, and protected in confidence, and would not be disclosed to unauthorized third parties.

132.  Plaintiff and Class members provided their respective Sensitive Information to Defendants with the explicit and implicit understandings that Defendants would protect and not permit the Sensitive Information to be disseminated to any unauthorized parties.

133.  Plaintiff and Class members also provided their Sensitive Information to Defendants with the explicit and implicit understandings that Defendants would take precautions to protect that Sensitive Information from unauthorized disclosure, such as following basic principles of protecting their networks and data systems, including Defendants' employees' systems.

134.  Defendants required and voluntarily received, in confidence, Plaintiff's and Class members' Sensitive Information with the understanding that the Sensitive Information would not be disclosed or disseminated to the public or any unauthorized third parties.

135.  Due to Defendants' failure to prevent, detect, and avoid the Data Breach from occurring by, *inter alia*, following best information security practices to secure Plaintiff's and Class members' Sensitive Information, Plaintiff's and Class members' Sensitive Information was disclosed to, and misappropriated by, unauthorized third parties beyond Plaintiff's and Class members' confidence, and without their express permission.

136.  As a direct and proximate cause of Defendants' actions and/or omissions, Plaintiff and Class members have suffered, and will continue to suffer damages.

137.  But for Defendants' disclosure of Plaintiff's and Class members' Sensitive Information in violation of the parties' understanding of confidence, Plaintiff's and Class members' Sensitive Information would not have been

compromised, stolen, viewed, accessed, and used by unauthorized third parties. Defendants' Data Breach was the direct and legal cause of the theft of Plaintiff's and Class members' Sensitive Information, as well as the resulting damages.

138.  The injury and harm Plaintiff and Class members suffered, and continue to suffer, was the reasonably foreseeable result of Defendants' unauthorized disclosure of Plaintiff's and Class members' Sensitive Information. Defendants knew that their computer systems and technologies for accepting and securing Plaintiff's and Class members' Sensitive Information had numerous security and other vulnerabilities placing Plaintiff's and Class members' Sensitive Information in jeopardy.

139.  As a direct and proximate result of Defendants' breaches of confidence, Plaintiff and Class members have suffered and will suffer injury, including but not limited to: (a) actual identity theft; (b) the compromise, publication, and/or theft of their Sensitive Information; (c) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft and/or unauthorized use of their Sensitive Information; (d) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from identity theft; (e) the continued risk to their Sensitive Information, which remains in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Sensitive Information in their continued possession; (f) future costs in terms of time, effort, and money that will be expended as result of the Data Breach for the remainder of the lives of Plaintiff and Class members; and (g) the diminished value of Defendants' services they received.

140.  As a direct and proximate result of Defendants' breaches of their fiduciary duties, Plaintiff and Class members have suffered and will continue to

suffer other forms of injury and/or harm, and other economic and non–economic losses.

**Seventh Cause of Action**

**Violation of the California Unfair Competition Law,**

**Cal. Bus. & Prof. Code § 17200*, et seq*.--Unfair Business Practices**

**[On Behalf of Plaintiff and the California Subclass Against all Defendants]**

141.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

142.  Defendants violated Cal. Bus. & Prof. Code § 17200, *et seq*., by engaging in unlawful, unfair, or fraudulent business acts and practices, that constitute acts of "unfair competition" as defined in Cal. Bus. & Prof. Code § 17200.

143.  Defendants engaged in unlawful and unfair acts and practices by establishing the sub–standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class members' Sensitive Information with knowledge the information would not be adequately protected; and by storing Plaintiff's and Class members' Sensitive Information in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Defendants to take reasonable methods of safeguarding the Sensitive Information of Plaintiff and Class members.

144.  In addition, Defendants engaged in unlawful acts and practices by failing to disclose the Data Breach in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82.

145.  Defendants also engaged in unlawful acts by violating the privacy and security of HIPAA, 42 U.S.C. §1302d, et seq. and by violating the CMIA, Cal. Civ. Code § 56, et seq.

146.  Defendants' practices were also contrary to legislatively declared and public policies that seek to protect consumer data and ensure that entities that solicit

or are entrusted with personal data utilize appropriate security measures, as reflected by laws like the FTC Act, 15 U.S.C. § 45, HIPAA, 42 U.S.C. § 1302d, et seq., and the CMIA, Cal. Civ. Code § 56, et seq.

147. As a direct and proximate result of Defendants' unlawful and unfair practices and acts, Plaintiff and Class members were injured and lost money or property, including but not limited to the loss of Plaintiff's and Class members' legally protected interest in the confidentiality and privacy of their Sensitive Information, nominal damages, and additional losses as described herein.

148. Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Plaintiff's and Class members' Sensitive Information and that the risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above–named unlawful practices and acts were negligent, knowing, and willful, and/or wanton and reckless with respect to the rights of Plaintiff and Class members.

149. Plaintiff, on behalf of the Class, seeks relief under Cal. Bus. & Prof. Code § 17200, *et seq.*, including, but not limited to, restitution to Plaintiff and Class members of money or property Defendants may have acquired by means of Defendants' unlawful, and unfair business practices, restitutionary disgorgement of all monies that accrued to Defendants because of Defendants' unlawful and unfair business practices, declaratory relief, attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## Eighth Cause of Action

### Violation of the California Customer Records Act ("CCRA")

### Cal. Civ. Code § 1798.80, *et seq.*

### [On Behalf of Plaintiff and the California Subclass Against all Defendants]

150. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

151. Section 1798.82 of the California Civil Code requires any "person or business that conducts business in California, and that owns or licenses computerized data that includes personal information" to "disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person." Under section 1798.82, the disclosure "shall be made in the most expedient time possible and without unreasonable delay."

152. The CCRA further provides: "Any person or business that maintains computerized data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person." (Cal. Civ. Code § 1798.82(b).)

153. Any person or business required to issue a security breach notification under the CCRA shall meet the following requirements:

      a.     The security breach notification shall be written in plain language;

      b.     The security breach notification shall include, at a minimum, the following information:

            i.  The name and contact information of the reporting person or business subject to this section;

           ii.  A list of the types of personal information that were or are reasonably believed to have been the subject of a breach;

          iii.  If the information is possible to determine at the time the notice is provided, then any of the following:

              1.  The date of the breach;

              2.  The estimated date of the breach; or

      3.  The date range within which the breach occurred. The notification shall also include the date of the notice.

   iv.  Whether notification was delayed as a result of a law enforcement investigation, if that information is possible to determine at the time the notice is provided;

    v.  A general description of the breach incident, if that information is possible to determine at the time the notice is provided; and

   vi.  The toll–free telephone numbers and addresses of the major credit reporting agencies if the breach exposed a Social Security number or a driver's license or California identification card number.

154. The Data Breach described herein constituted a "breach of the security system" of Defendants.

155. As alleged above, Defendants unreasonably delayed informing Plaintiff and Class members about the Data Breach, affecting their Sensitive Information, after Defendants knew the Data Breach had occurred.

156. Defendants failed to disclose to Plaintiff and Class members, without unreasonable delay and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, Sensitive Information when Defendants knew or reasonably believed such information had been compromised.

157. Defendants' ongoing business interests gave Defendants incentive to conceal the Data Breach from the public to ensure continued revenue.

158. Upon information and belief, no law enforcement agency instructed Defendants that timely notification to Plaintiff and Class members would impede their investigation.

159. As a result of Defendants' violation of Cal. Civ. Code § 1798.82, Plaintiff and Class members were deprived of prompt notice of the Data Breach, and were

thus prevented from taking appropriate protective measures, such as securing identity theft protection or requesting a credit freeze. These measures could have prevented some of the damages suffered by Plaintiff and Class members because their stolen information would have had less value to identity thieves.

160. As a result of Defendants' violation of Cal. Civ. Code § 1798.82, Plaintiff and Class members suffered incrementally increased damages separate and distinct from those simply caused by the Data Breach itself.

161. Plaintiff and Class members seek all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to the damages suffered by Plaintiff and Class members as alleged above and equitable relief.

<u>**Ninth Cause of Action**</u>

**Violation of the California Consumer Privacy Act ("CCPA")**

**Cal. Civ. Code § 1798.150, *et seq*.**

**[On Behalf of Plaintiff and the California Subclass Against all Defendants]**

162. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

163. Defendants are corporations organized and operated for profit or financial benefit of their owners with annual gross revenues of more than $25 million. Defendants collect consumers' PII as defined in Cal. Civ. Code § 1798.140.

164. Defendants violated § 1798.150 of the CCPA by failing to prevent Plaintiff's and Class members' nonencrypted PII from unauthorized access and exfiltration, theft, or disclosure as a result of Defendants' violations of their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information.

165. Defendants have a duty to implement and maintain reasonable security procedures and practices to protect Plaintiff's and Class members' PII. As detailed herein, Defendants failed to do so. As a direct and proximate result of Defendants'

acts, Plaintiff's and Class members' PII were subjected to unauthorized access and exfiltration, theft or disclosure.

166. Plaintiff and Class members seek injunctive or other equitable relief to ensure Defendants hereinafter adequately safeguard consumers' PII by implementing reasonable security procedures and practices. Such relief is particularly important because Defendants continue to hold consumers' PII including Plaintiff's and Class members' PII. Plaintiff and Class members have an interest in ensuring that their PII is reasonably protected, and Defendants have demonstrated a pattern of failing to adequately safeguard this information.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. That the Court certify this action as a Class Action under FRCP 23 and appoint Plaintiff as representative of the Class and his attorneys as Class Counsel;

2. Granting injunctive relief requested by Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class members, including but not limited to an order:

    i. prohibiting Defendants from engaging in the wrongful and unlawful acts described herein,

    ii. requiring Defendants to protect, including through encryption, all data collected through the course of their business in accordance with all applicable regulations, industry standards, and federal, state or local laws,

    iii. requiring Defendants to delete, destroy, and purge the personal information of Plaintiff and Class members unless Defendants can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy

interests of Plaintiff and Class members,

    iv. requiring Defendants to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Plaintiff and Class members' personal information,

    v. prohibiting Defendants from maintaining Plaintiff's and Class members' personal information on a cloud-based database,

    vi. requiring Defendants to engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis, and ordering Defendants to promptly correct any problems or issues detected by such third-party security auditors,

    vii. requiring Defendants to engage independent third-party security auditors and internal personnel to run automated security monitoring,

    viii. requiring Defendants to audit, test, and train their security personnel regarding any new or modified procedures,

    ix. requiring Defendants to conduct regular database scanning and security checks,

    x. requiring Defendants to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling personal information, as well as protecting the personal information of Plaintiff and Class members,

    xi. requiring Defendants to routinely and continually conduct internal training and education, and on an annual basis to inform internal

security personnel how to identify and contain a breach when it occurs and what to do in response to a breach,

xii. requiring Defendants to implement a system of tests to assess their respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendants' policies, programs, and systems for protecting personal information,

xiii. requiring Defendants to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendants' information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and updated,

xiv. requiring Defendants to meaningfully educate all Class members about the threats that they face as a result of the loss of their confidential personal information to third parties, as well as the steps affected individuals must take to protect themselves,

xv. requiring Defendants to design, maintain, and test their computer systems to ensure that PII in their possession is adequately secured and protected,

xvi. requiring Defendants to disclose any future data disclosures in a timely and accurate manner; and

xvii. requiring Defendants to provide ongoing credit monitoring and identity theft repair services to Class members.

3. An award of compensatory, statutory, and nominal damages in an amount to be determined;

4. An award for equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

5. An award of reasonable attorneys' fees, costs, and litigation expenses, as allowable by law; and

6. Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all claims so triable.

DATED: October 29, 2023

**LOKER LAW, APC**

<u>   /s/ Matthew M. Loker</u>
Matthew M. Loker, Esq. (279939)
**LOKER LAW, APC**
matt@loker.law
1303 East Grand Avenue, Ste. 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197